*123
By the Court,

Cowen, J.
Clearly, it would be a perversion of the endorsement by Seaman & Smith, to say, without extrinsic proof, that they intended it for the purpose of negotiating the note. The judge offered the plaintiffs the utmost latitude they were entitled to, when he said they might show by paroi evidence, an intent at the time, that the signature should operate as a transfer. Even this would have been directly to contradict the legal effect of the instrument, which of itself was a mere receipt for money paid.
Had there been an endorsement on the note purporting to work a transfer, perhaps the admission of Biggs, as proved or offered to be proved, might have been available against him as a substitute for proof of Seaman & Smith’s hand-writing;(a) but such an admission would not make the endorsement in question operative for any purpose beyond what it expressed.
The cases cited as sustaining the position in note (2), Chit, on Bills, 9th Am. ed. p. 593, viz. that the assignee of a note, not negotiable, whom the maker has promised to pay, may recover as for money had and received, do not go that length, though the dictum in Surtees v. Hubbard, (4 Esp. R. 203), comes very near it. But the case at bar, admitting that Biggs promised, comes short of that. The action is against Biggs and Smith. The new promise of Biggs alone, however it might affect himself, cannot be insisted on as raising a new joint liability in him and his co-maker.
On the whole, we think the nonsuit was right; and a new trial is denied.
New trial denied.

 Bosanquet v. Anderson, 6 Esp. Rep. 43. Tebbetts v. Dowd, 23 Wend. 390.